AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
## Southern District of Texas

United States District Court
Southern District of Texas
FILED

MAR - 2 2018

David J. Bradley, Clerk

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Rodolfo RODRIGUEZ-Leos | ) | Case No. M-18-0435-M |
| YOB: 1985 | ) | |
| Mexican Citizen | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __March 1, 2018,__ in the county of __Hidalgo__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 922(g)(5) | unlawful possession of a firearm (ammunition), in and affecting interstate and foreign commerce, by an alien who has been admitted to the United States under a nonimmigrant visa |

This criminal complaint is based on these facts:

See Attachment A

☑ Continued on the attached sheet.

_Complainant's signature_

Erik Diaz - HSI Special Agent
_Printed name and title_

Approved Joseph Leonard

Sworn to before me and signed in my presence.

Date: March 2, 2018 8:30am

_Judge's signature_

City and state: McAllen, Texas

U.S. Magistrate Peter E. Ormsby
_Printed name and title_

# ATTACHMENT A

I. On March 1, 2018, Homeland Security Special Agents observed a male subject, later identified as Rodolfo RODRIGUEZ-Leos, exit his vehicle while carrying a large cardboard box. Moments later, RODRIGUEZ was observed returning to his vehicle without the box and departed the area. A group of agents continued to conduct surveillance on RODRIGUEZ while another group conducted a consensual search of the residence. Near the front entrance of the house, Special Agents discovered the cardboard box RODRIGUEZ was seen carrying, hidden underneath a bush. The markings on the outside of the box displayed the contents of the sealed box to be (520) rounds of Monarch 7.62. The agents conducting surveillance on RODRIGUEZ approached him outside of a business near the Hidalgo, Texas area. RODRIGUEZ stated to agents that he had recently purchased a case of ammunition and left it outside of a house because he didn't want to be driving around with it. RODRIGUEZ went on to state to agents that the case of ammunition was intended to be smuggled to Mexico.

II. Checks of Department of Homeland Security indices revealed RODRIGUEZ had recently made entry into the U.S. with a valid B1/B2 Visa. Due to the fact that RODRIGUEZ had been admitted into the U.S. with a non-immigrant visa and had admitted that he had purchased the ammunition, he was placed under arrest and transported to the HSI McAllen office for further questioning.

III. SAs advised RODRIGUEZ of his Miranda Rights in a pre-printed form in Spanish, at which time RODRIGUEZ waived his right to counsel and agreed to answer questions. During the course of the interview, RODRIGUEZ stated that he had purchased the case of ammunition at the request of an individual from Mexico. RODRIGUEZ stated he was to be paid $50.00 U.S. for purchasing the ammunition. RODRIGUEZ stated that he has successfully purchased ammunition on two previous occasions and transferred them to an unknown individual who was either going to smuggled the rounds to Mexico himself, or get someone else to do it. RODRIGUEZ further stated that all the ammunition recovered outside of the residence belonged to himself, and that the home owner was not aware. RODRIGUEZ stated that he was aware that as a non-immigrant visa holder, he could not possess firearms/ammunition in the U.S. and that it was illegal for firearms/ammunition to be smuggled into Mexico.

IV. On March 1, 2018, your affiant was able to communicate with an Alcohol, Tobacco, Firearms, and Explosives (ATFe) SA, who is recognized as an expert in the interstate and foreign commerce travel of firearms and ammunition. Based on the information your affiant provided the ATFe SA regarding the Monarch rounds possessed by

RODRIGUEZ on March 1, 2918, the ATFe SA stated that the aforementioned ammunition was manufactured outside the State of Texas and, therefore, previously traveled in the interstate or foreign commerce at some time prior to being possessed by any person in the State of Texas.